UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ANTHONY A. RANSOM,

       Plaintiff,

v.

UNITED STATES FEDERAL
GOVERNMENT and WILLIAM CLARK,

       Defendants.

_____

1:20-cv-12932-NLH-AMD

**MEMORANDUM
OPINION & ORDER**

**APPEARANCES:**

ANTHONY A. RANSOM
3001 ROUTE 130
APT. 36K
DELRAN, NJ 08075

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Anthony A. Ransom, appearing *pro se*, has filed a complaint against Defendants "United States Federal Government" and William Clark; and

    WHEREAS, Plaintiff claims that he was implanted with microchips so his family and Defendant William Clark could monitor him; and

    WHEREAS, Plaintiff seeks, among other relief, $5 million for his pain and suffering; and

    WHEREAS, Plaintiff has filed a motion for the appointment

of pro bono counsel (Docket No. 2) and an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) (Docket No. 1-1); and

WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient in two significant ways:

1.   While it would appear that Plaintiff's claim against the "United States Federal Government" is sufficient to invoke the Court's federal question jurisdiction, his complaint is otherwise void of any citation to the Constitutional or statutory provision or provisions upon which he bases his claim. Plaintiff only generally alleges that Defendants committed cyber stalking and human torture without reference to any specific laws.  Plaintiff's failure to state a specific legal basis for his claims complicates the Court's analysis of the basis for the Court's jurisdiction which has limits and is a required element

3

of pleading.  See Fed. R. Civ. P. 8(a) ("A pleading that states

a claim for relief must contain . . . a short and plain

statement of the grounds for the court's jurisdiction.").  This

is true even if Plaintiff's case were premised on diversity of

citizenship, 28 U.S.C. § 1332, instead of federal question

jurisdiction; and

    2.   The Court also finds that the allegation that

Plaintiff was implanted with microchips on several occasions

between 1971 and 2007 a "fantastic or delusional" scenario that

is factually baseless.  See Hager v. Young, 2019 WL 4187812, at

*3 (D.N.J. 2019) (quoting Perkins v. New Jersey Dep't of Labor,

Div. of Workers Comp., 154 F.R.D. 132, 133–34 (E.D. Pa. 1994))

(other citation omitted) ("A claim is frivolous if it lacks an

arguable basis in fact or in law.  If a claim is fanciful or

describes 'fantastic or delusional scenarios,' then it is

factually baseless."); id. (finding that the allegations that

the plaintiff was being harassed by radio broadcasts capable of

"us[ing] the vocal voice of any radio commentator, personality,

and at times even musicians" and by telepathic voices were

"fantastic or delusional scenarios," and such claims were

dismissed with prejudice as no further amendment could cure the

plaintiff's pleading deficiencies).  The Court further notes

that Plaintiff states in his complaint that he is currently on

medication for "hearing voices and toxic psychosis."

WHEREAS, the Court further finds that Plaintiff's motion for appointment of counsel is premature.  There is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), but pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf.  Tabron, 6 F.3d at 155-157.  Plaintiff's motion does not address any of these factors;

THEREFORE,

IT IS on this ___13th___ day of ___October___, 2020

ORDERED that Plaintiff's IFP application (Docket No. 1-1)

5

be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's motion for the appointment of pro bono counsel (Docket No. 3) be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is finally

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).


                                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.