```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANTHONY A. RANSOM,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FEDERAL<br>GOVERNMENT and WILLIAM CLARK,<br><br>    Defendants. | 1:20-cv-12932-NLH-AMD<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

**APPEARANCES:**

ANTHONY A. RANSOM
3001 ROUTE 130
APT. 36K
DELRAN, NJ 08075

   Appearing *pro se*

**HILLMAN**, District Judge

   WHEREAS, Plaintiff, Anthony A. Ransom, appearing *pro se*, has filed a complaint against Defendants "United States Federal Government" and William Clark; and

   WHEREAS, Plaintiff claims that he was implanted with microchips so his family and Defendant William Clark could monitor him; and

   WHEREAS, Plaintiff seeks, among other relief, $5 million for his pain and suffering; and

   WHEREAS, Plaintiff filed an application to proceed without

prepayment of fees ("in forma pauperis" or "IFP" application) (Docket No. 1-1), and pursuant to 28 U.S.C. § 1915(a)(1), the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, previously the Court found that Plaintiff's complaint was deficient because (1) Plaintiff failed to state a specific legal basis for his claims complicates the Court's analysis of the basis for the Court's jurisdiction which has limits and is a required element of pleading, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."), and (2) the allegation that Plaintiff was implanted with microchips on several occasions between 1971 and 2007 was a "fantastic or delusional" scenario that was factually baseless, see Hager v. Young, 2019 WL 4187812, at *3 (D.N.J. 2019) (quoting Perkins v. New Jersey Dep't of Labor, Div. of Workers Comp., 154 F.R.D. 132, 133-34 (E.D. Pa. 1994)) (other citation omitted) ("A claim is frivolous if it lacks an arguable basis in fact or in law.  If a claim is fanciful or describes 'fantastic or delusional scenarios,' then it is factually baseless."); id. (finding that the allegations that the

2

plaintiff was being harassed by radio broadcasts capable of "us[ing] the vocal voice of any radio commentator, personality, and at times even musicians" and by telepathic voices were "fantastic or delusional scenarios," and such claims were dismissed with prejudice as no further amendment could cure the plaintiff's pleading deficiencies); and

WHEREAS, the Court provided Plaintiff with 20 days to file an amended complaint to cure those deficiencies (Docket No. 3); and

WHEREAS, Plaintiff has failed to respond to the Court's Order and has otherwise failed to contact the Court since the filing of his complaint on September 18, 2020;

THEREFORE,

IT IS on this __8th__ day of __April__, 2021

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.